James O. Shackelford, J.,
delivered the opinion of the Court.
This is an application for supersedeas. It appears from this record, E. M. Wickersham was elected in the spring of 1868, trustee of the county of Shelby. He gave bond and qualified at the June Term, 1868, of the Circuit Court for the county of Shelby. The grand jury regularly empanelled and qualified, made the following report:
“Grand Jury Room,
“Memphis, Jan. 12, 1868.

“To the Hon. George W. Reeves, Judge of the Circuit Court of Shelby County:

“The undersigned grand jurors, have the honor to report that they have examined the bonds of the county officers, and report as to the following, namely: E. M. Wickersham, county trustee, securities not good for the amount; and the county revenue last year be *335 ing six hundred thousand dollars; the amount of the bond not sufficient, etc. Respectfully submitted.
[Signed] “John P. Steatam,
“Foreman of grand jury.
“Entered filed January 12, 1868.
“M. D. L. Stewart, Clerk.”
On the 18th of June, during the term, an order was entered of record, showing the report of the grand jury relative to the bond of the said Wickersham, and its insufficiency, and that he appear before the Court on the 27th of June next, and execute bonds in amounts to be fixed by the Court, with good and sufficient security, or the office will be declared vacant. A copy of the order was duly served upon him; he appeared; and time was given him until the 7th of July, 1868, to execute bond and security; and he having failed to appear and give the bond required, the Court declared the office of county trustee of Shelby County, vacant; and directed a copy of the order be certified to the county commissioners of Shelby County, that the vacancy created may be filled according to law; and further proceeded to enjoin the trustee, Wickersham, from acting as such, or performing any of the duties of the office.
The errors assigned, are:
First, Upon the facts and case made by the record, the Circuit Court had no jurisdiction to remove the county trustee, or declare his office vacant, or enjoin him from performing the functions of his office.
Second, That, if his case were within the jurisdiction of the Circuit Court, it is a summary proceeding highly penal in its character; and the necessary facts *336 are not recited or shown to acknowledge or sustain the judgment of the Court rendered in this case.
The jurisdiction of the Court is statutory, and depends upon the construction of the several sections of the Code relative to this class of cases.
By sec. 725 of the Code, it is made the duty of every County Court Clerk, to produce to the Judge of the Circuit Court, for his examination, at the first Circuit Court in his county, on the second day of the term after the 1st Mondays in April in each year, the bonds of all officers taken in such year, by the County Court.
By sec. 726, if, upon examination, such bonds shall, in the opinion of the judge, have been taken according to law, he shall write upon them, “examined and approved,” and sign his name thereto. But, if any of said bonds shall not have been taken agreeably to law, the clerk of said court shall issue a subpoena instanter for such officer to appear before said judge, immediately to enter into bond with security according to law.
By sec. 727, if, upon service and return of sup-poena, the officer fail or refuse to appear and enter into bond with surety, the judge shall declare the office vacant; and another election shall be held within 20 days thereafter, according to law, to fill said office.
By sec. 778, all public officers who are compelled to give official bonds, may be required by the Court or officer whose duty it is to take or approve such bond, to give additional surety or new bonds, in the following cases: First, Where the security of the or *337 iginal bond bas become insufficient by the subsequent insolvency, death or removal of the sureties thereto, or any of them. Second, Where there is good reason to fear' the public interest may suffer for want of such new and additional security. Third, Where the grand jury of the county, or a majority thereof, certifies the insufficiency of the original bond.
The jurisdiction of the Court in this case, is predicated upon the foregoing sections of the Code. When the bonds of the county officers, under the provisions of section i 726, are presented to the Judge, his duty is, to see they are executed according to law; he does not, nor cannot, under sections 726 and 727, inquire into the solvency of the surety. If the bond is not executed according to law, and upon due notification, the person refuses to appear and enter into a new bond, he is authorized to declare the office vacant.
By section 778, the jurisdiction is conferred' upon the Circuit Court. All public officers may be required by the Court whose duty it is to approve such bonds, to give additional surety or new bonds; and the statute expressly makes it the duty of the Circuit Judge to examine and approve the bonds of county officers. The statute specifies the grounds upon which this jurisdiction shall be taken. The report of the grand jury in this case, brings it clearly within the provisions of the law; they have reported the bond is not in amount sufficient, and that the sureties are not good- for the amount of the bond.
Taking the several sections of the Code referred to, and comparing them together, we think the evident in *338 tent and purpose of the Legislature, was, to give the Circuit Judge jurisdiction of all that class of county officers, whose bonds are taken in that forum; and where it is apparent the bond is not taken according to the forms of law, to notify the party; and if he feils to appear and give other bond and security, to declare the same vacated. Where it appears to the Circuit Judge, under the provisions of sec. 778, the bond is insufficient, upon notice given, such officer shall give additional bond within ten days after the day specified; and failing to do so, he vacates his office, and the fact shall be certified to the appointing power, by whom the vacancy is filled. It was evidently the intention of the Legislature, that the Judge to whom the report had been made, should take the bond required by the statutes. It belongs to the class of county officers embraced in ‘ sections 725 and .726, and the Court had jurisdiction, and it was his duty to take the bond — the original having been reported insufficient by the grand jury.
These statutes are of a beneficial character; and it is evidently the intention of the Legislature that the statute be rigidly enforced in reference to bonds of county officers. By the provisions of sub-section 2, of section 5079, it is made the duty of the gi’and jury to inquire into the condition of the county treasury, and the bonds of all officers, with regard to their correctness and sufficiency, etc. This Act is expressly required to be given in charge to the grand jury by the Circuit Judges. The Act has reference alone to county officers, whose bonds are taken in that Court; and has *339 no reference to Clerks of Circuit or Chancery Courts; they are not county officers, in the meaning of this statute. The sufficiency of their bonds are under the supervision of the Judge or Chancellor presiding. An enforcement of these provisions of the law, by the courts and grand juries of the country, would be of a highly beneficial character. Every four months, the bonds of county officers would pass the examination of the grand jury; the rights of the people would thus be protected and guarded, and' irresponsible men would soon cease to control and peculate upon the finances of the country. The people would feel secure in their rights, guarded •and protected by the vigilance of a grand jury. Such was evidently the intention of the Legislature in the passage of these several sections of. the Code.
We are of opinion the Circuit Judge, under the provisions of the several sections of the Code referred to, upon the report of the grand jury, of the insufficiency of the bond, upon the giving of legal notice, as required by the statute, to give other security, upon his failure to do so, the Circuit Judge had the power to remove him and declare the office vacant; that under the provisions of section 778, of the Code, where the amount of the bond is not sufficient, and that fact appearing in the report of the grand jury, the Circuit Judge has the right to fix the amount of the bond. The facts set out in this record, are sufficient to give the Court jurisdiction.
The application for supersedeas is refused.